**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

**DANIEL HONAKER,**

      **Plaintiff,**

**v.**                                    **Civil Action No. 5:18-cv-01376**
                                                        **Honorable Irene C. Berger**

**RALPH W. JUSTUS, individually as a
Member of the West Virginia State Police,
CHRIS KANE, individually as a member of
The West Virginia State Police, and
ROBERT DANIEL, individually as member
of the West Virginia State Police,**

      **Defendants.**

**DEFENDANTS', CHRIS KANE AND ROBERT DANIEL,
<u>ANSWER TO PLAINTIFF'S COMPLAINT</u>**

      **COME NOW** the Defendants, Chris Kane, individually as a member of The West Virginia State Police, and Robert Daniel, individually as a member of the West Virginia State Police,  by counsel, Gary E. Pullin, Wendy E. Greve, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and for their Answer to Plaintiff's Complaint, state as follows:

      1.      Paragraph 1 of Plaintiff's Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 1 as containing allegations against these Defendants, Defendants deny the same.

      2.      Defendants deny the statements and allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     Paragraph 3 of Plaintiff's Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 3 as containing allegations against these Defendants, Defendants deny the same.

4.     Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.  However, to the extent that these allegations may be construed against these Defendants, Defendants deny the same and demands strict proof thereof.

5.     The statements and allegations contained in Paragraph 5 of Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

6.     Defendants deny the statements and allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.     Defendants deny the statements and allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.     Defendants deny the statements and allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     Defendants deny the statements and allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Defendants deny the statements and allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendants deny the statements and allegations contained in Paragraph 11, and subparagraphs, of Plaintiff's Complaint.

12.     Defendants deny the statements and allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendants deny the statements and allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Paragraph 14 of Plaintiff's Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 14 as containing allegations against these Defendants, Defendants deny the same.

15.     Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.  However, to the extent that these allegations may be construed against these Defendants, Defendants deny the same and demands strict proof thereof.

16.     The statements and allegations contained in Paragraph 16 of Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

## **FACTS**

17.     In response to paragraph 17 of Plaintiff's Complaint, these Defendants reassert and re-allege their responses to paragraphs 1 through 16 of Plaintiff's Complaint as if fully set forth herein.

18.      Defendants deny the statements and allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.      Defendants deny the statements and allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.      Defendants deny the statements and allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.      Defendants deny the statements and allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.      Defendants deny the statements and allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.      Defendants deny the statements and allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.      Defendants deny the statements and allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.      Defendants deny the statements and allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.      Defendants deny the statements and allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.      Defendants deny the statements and allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.      Defendants deny the statements and allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.    Defendants deny the statements and allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.    Defendants deny the statements and allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.    Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.  However, to the extent that these allegations may be construed against these Defendants, Defendants deny the same and demands strict proof thereof.

32.    Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.  However, to the extent that these allegations may be construed against these Defendants, Defendants deny the same and demands strict proof thereof.

33.    Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.  However, to the extent that these allegations may be construed against these Defendants, Defendants deny the same and demands strict proof thereof.

## COUNT I – EXCESSIVE FORCE UNDER 42 U.S.C. §1983
### (Trooper Justus)

34.    In response to Paragraph 34 of Plaintiff's Complaint, these Defendants reassert and re-allege their responses to paragraphs 1 through 33 of Plaintiff's Complaint as if fully set forth herein.

35.    Defendants deny the statements and allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Defendants admit the statements and allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Defendants deny the statements and allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendants deny the statements and allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny the statements and allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the statements and allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the statements and allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     The statements and allegations contained in Paragraph 42 of Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

43.     Defendants deny the statements and allegations contained in Paragraph 43 of Plaintiff's Complaint.

### COUNT II – SUPERVISOR LIABILITY UNDER 42 U.S.C. §1983
### (Troopers Kane and Daniel)

44.     In response to paragraph 44 of Plaintiff's Complaint, these Defendants reassert and re-allege their responses to paragraphs 1 through 43 of Plaintiff's Complaint as if fully set forth herein.

45.     Defendants deny the statements and allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Defendants deny the statements and allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Defendants deny the statements and allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     The statements and allegations contained in Paragraph 48 of Plaintiff's Complaint are not directed to these Defendants, and therefore do not require a response by way of admission or denial; however, to the extent any such allegations relate or pertain to these Defendants, the same are denied based upon a lack of knowledge or information sufficient to determine their truth.

49.     Defendants deny the statements and allegations contained in Paragraph 49 of Plaintiff's Complaint.

### COUNT III – STATE CONSTITUTIONAL VIOLATIONS
### (Trooper Justus)

50.     In response to paragraph 50 of Plaintiff's Complaint, these Defendants reassert and re-allege their responses to paragraphs 1 through 49 of Plaintiff's Complaint as if fully set forth herein.

51.     Defendants deny the statements and allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Paragraph 52 of Plaintiff's Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 52 as containing allegations against these Defendants, Defendants deny the same.

53.     Defendants deny the statements and allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     Defendants deny the statements and allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Defendants deny the statements and allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny the statements and allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Defendants deny the statements and allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the statements and allegations contained in Paragraph 58 of Plaintiff's Complaint.

## COUNT IV – BATTERY
### (Trooper Justus)

59.     In response to paragraph 59 of Plaintiff's Complaint, these Defendants reassert and re-allege their responses to paragraphs 1 through 58 of Plaintiff's Complaint as if fully set forth herein.

60.     Defendants deny the statements and allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Defendants deny the statements and allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Defendants deny the statements and allegations contained in Paragraph 62 of Plaintiff's Complaint.

## COUNT V – NEGLIGENCE
### (Trooper Justus)

63.     In response to paragraph 63 of Plaintiff's Complaint, these Defendants reassert and re-allege their responses to paragraphs 1 through 62 of Plaintiff's Complaint as if fully set forth herein.

64.     Defendants deny the statements and allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     Defendants deny the statements and allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     Defendants deny the statements and allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny the statements and allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     Defendants deny the statements and allegations contained in Paragraph 68 of Plaintiff's Complaint.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

69.     In response to paragraph 69 of Plaintiff's Complaint, these Defendants reassert and re-allege their responses to paragraphs 1 through 68 of Plaintiff's Complaint as if fully set forth herein.

70.     Defendants deny the statements and allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Defendants deny the statements and allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     Defendants deny the statements and allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     Defendants deny the statements and allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     Defendants deny the statements and allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Defendants deny the statements and allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     Answering the WHEREFORE paragraph of Plaintiff's Complaint, these Defendants  state that the Plaintiff is not factually, legally, or equitably entitled to the relief prayed for.

### *First Defense*

Plaintiff's Complaint fails to state a claim against these Defendants upon which relief can be granted and should, therefore, be dismissed.

### *Second Defense*

These Defendants are immune from any claim for punitive damages asserted in Plaintiff's Complaint.

### *Third Defense*

These Defendants deny that Plaintiff's Complaint states a claim for punitive damages and moves this Court to dismiss Plaintiff's claims for punitive damages against these Defendants.

### *Fourth Defense*

These Defendants assert that they are entitled to qualified and/or good faith immunity from liability because these Defendants acted lawfully and reasonably in all actions taken by them.

### *Fifth Defense*

These Defendants are entitled to qualified and/or good faith immunity from liability because the conduct of these Defendants, at all times relevant hereto, did not violate any clearly established statutory or constitutional rights of the Plaintiff of which a reasonable person should have known.

### *Sixth Defense*

These Defendants enjoy absolute immunity from liability in this civil action.

### *Seventh Defense*

These Defendants specifically assert all common law, statutory and constitutional immunities afforded them under state and federal law.

### *Tenth Defense*

That to the extent any of the following affirmative defenses are applicable, based upon the evidence adduced in this matter, these Defendants invoke the following defenses of contributory negligence, comparative negligence, assumption of the risk, waiver, estoppel, laches, release, *res* judicata, collateral estoppel, lack of personal jurisdiction, and any other defense constituting an avoidance or affirmative defense.

### ***Eleventh Defense***

No custom or policy of the West Virginia State Police caused the deprivation of any of the Plaintiff's rights, nor caused the Plaintiff any damage as complained of in Plaintiff's Complaint.

### ***Twelfth Defense***

These Defendants deny that it acted in violation of the Plaintiff's constitutional rights and further denies that it acted willfully, intentionally, or in callous disregard for the Plaintiff's constitutional and statutory rights, or that it is in any way denied Plaintiff due process of law.

### ***Thirteenth Defense***

These Defendants did not breach any duty that they owed to the Plaintiff.

### ***Fourteenth Defense***

These Defendants hereby raise and preserve each and every defense set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure and further reserves the right to raise such additional defenses as may appear appropriate following further factual development in this case.

### ***Fifteenth* Defense**

These Defendants reserve the right to file additional affirmative defenses if a sufficient or factual basis therefore is developed through continuing investigation and discovery.

### *Sixteenth Defense*

These Defendants reserve the right to file a counterclaim, cross-claim or third party claim if a sufficient or factual basis therefore is developed through continuing investigation and discovery.

## JURY DEMAND

Defendants respectfully demand a trial by jury on all issues so triable.

## PRAYER

**WHEREFORE,** Defendants, Chris Kane, individually as a member of the West Virginia State Police and Robert Daniel, individually as a member of the West Virginia State, having fully answered Plaintiff's Complaint, pray that Plaintiff's Complaint be dismissed and held for naught; that Plaintiff recover nothing from  these Defendants; that these Defendants recover their costs, expenses of suit, and a reasonable attorney's fee made necessary in defending this Complaint; and for such other and further relief, whether legal or equitable in character,  to which Defendants may be entitled.

CHRIS KANE, individually as a member of the West Virginia State Police, and ROBERT DANIEL, Individually as a member of the West Virginia State Police

By Counsel

*/s/ Wendy E. Greve*
Gary E. Pullin, Esq. (WVSB #4528)
Wendy E. Greve, Esq. (WVSB #6599)

Pullin, Fowler, Flanagan, Brown & Poe, PLLC
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone:  (304) 344-0100

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**DANIEL HONAKER,**

      **Plaintiff,**

**v.**                                  **Civil Action No. 5:18-cv-01376**
                                               **Honorable Irene C. Berger**

**RALPH W. JUSTUS, individually as a**
**Member of the West Virginia State Police,**
**CHRIS KANE, individually as a member of**
**The West Virginia State Police, and**
**ROBERT DANIEL, individually as member**
**of the West Virginia State Police,**

      **Defendants.**

## CERTIFICATE OF SERVICE

      The undersigned counsel for Defendants, Chris Kane and Robert Daniel, do hereby certify

on this 15th day of November, 2018, that a true copy of the foregoing "***Defendants', Chris Kane***

***and Robert Daniel, Answer to Plaintiff's Complaint***" was served upon counsel of record by

utilizing the Court's ECF filing system:

        ***Counsel for Plaintiff***
        Eric J. Buckner, Esq. (WVSB #9578)
        Russell A. Williams, Esq. (WVSB #12710)
        KATZ, KANTOR, STONESTREET & BUCKNER, PLLC
        112 Capitol St., Suite 100
        Charleston, WV 25301
        (304) 431-4053

        ***Counsel for Defendant Ralph Justus***
        Michael D. Mullins, Esq.
        Steptoe & Johnson
        P.O. Box 1588
        Charleston, WV 25326-1588
        (304) 353-8157

                        */s/ Wendy E. Greve*
                        Gary E. Pullin, Esq., WVSB #4528
                        Wendy E. Greve, Esq., WVSB #6599

Pullin, Fowler, Flanagan, Brown & Poe, PLLC
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone:  (304) 344-0100
Facsimile: (304) 342-1545
E-Mail:  gpullin@pffwv.com; wgreve@pffwv.com